IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHMOND NATIONAL INSURANCE COMPANY,

      Plaintiff,

v.                                         1:25-cv-01125-DHU

AMERICAN SAN PABLO, LLC;
CONSUELO MESA DE BELTRAN; and
LINDA VASQUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on (1) Defendant Consuelo Mesa de Beltran's ("Beltran") Motions to Dismiss or Stay Plaintiff Richmond National Insurance Company's ("RNIC") Complaint for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Docs. 6 and 7;[1] (2) Beltran's Motion to Set Aside Any Entry of Default, Doc. 5; and (3) RNIC's Motion to Dismiss Defendant American San Pablo, LLC's ("San Pablo") Counterclaim, Doc. 26. Having reviewed the parties' submissions, the record, and the relevant law, the Court exercises its discretion to stay this case and thus abstains from ruling on Beltran's Motion to Set Aside Any Entry of Default and RNIC's Motion to Dismiss San Pablo's Counterclaim.

## I.      BACKGROUND

This case stems from Paula Cogdill's ("Decedent") death from a stroke she suffered at an assisted living facility operated by San Pablo. On August 29, 2025, Decedent's Estate brought a wrongful death action in New Mexico state court against San Pablo and others (the "Cogdill Action"). Doc. 1-2. On November 12, 2025, RNIC filed a Complaint, seeking a declaration from

---

[1] Beltran's motions to dismiss, Docs. 6 and 7, are identical.

this Court that it does not owe a duty to defend or indemnify San Pablo in the Cogdill Action pursuant to an insurance policy it issued to San Pablo (the "RNIC Policy"). Doc. 1. On January 12, 2026, in addition to moving to set aside any entry of default, Doc. 5, Beltran moved to dismiss or stay the Complaint on the grounds that RNIC's declaratory claims "depend on factual determinations that overlap with" the state litigation, and that proceeding in federal court "risks inconsistent rulings, interferes with the state court's ability to adjudicate liability, and prejudices Defendant." Doc. 6. at 1. On January 26, 2026, RNIC responded in opposition to Beltran's motion to dismiss or stay, asserting that "RNIC's Counts do not concern any of the facts at issue in the underlying Cogdill Action." Doc. 10 at 9.

## II.     LEGAL STANDARD

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). "The Supreme Court has long made clear that the Declaratory Judgment Act g[ives] the federal courts competence to make a declaration of rights" but "d[oes] not impose a duty to do so." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Thus, federal district courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (whether to exercise jurisdiction over declaratory judgment actions "is vested in the sound discretion of the district courts").

In *Mhoon*, the Tenth Circuit listed five factors courts should consider in deciding whether to hear a declaratory action:

[1] whether a declaratory action would settle the controversy;

[2] whether it would serve a useful purpose in clarifying the legal relations at issue;

[3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";

[4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

[5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

## III.    DISCUSSION

While neither Beltran nor RNIC raise the *Mhoon* factors in their briefs, the Court finds that, on balance, these factors weigh against this Court exercising jurisdiction while the Cogdill Action is pending because the issues raised in this action would be better resolved by the state court.

### i.    The first and second *Mhoon* factors weigh in favor of exercising jurisdiction.

The first two *Mhoon* factors require the Court to consider whether a declaratory judgment would settle the controversy or serve a useful purpose in clarifying the legal relations at issue. 31 F.3d at 983. If a declaratory judgment would likely "resolve the immediate dispute between the parties [it] may tip the scales in favor of exercising jurisdiction." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012). On the other hand, the scales may tilt the other way if a declaratory judgment would not resolve the dispute between the parties because there are "outstanding claims [between them] in a parallel state court action[.]" *Id.* "Especially relevant [is] whether the state court action would necessarily resolve the issues in the declaratory judgment action." *Id.*

Here, RNIC is not a party in the Cogdill Action and there are no legal claims related to the RNIC Policy pending in that matter. Hence, declaratory judgment would resolve the immediate

3

coverage dispute between RNIC and Defendants. A declaratory judgment by this Court also would clarify the legal relations between RNIC and Defendants. Thus, these factors weigh in favor of exercising jurisdiction. *See First Nat'l Ins. Co. of Am. v. Xahuentitla*, 439 F. Supp. 3d 1249, 1255 (D.N.M. 2020) (holding that the first and second *Mhoon* factors weighed in favor of exercising jurisdiction under similar facts).

### ii.   The third *Mhoon* factor is neutral.

The third *Mhoon* factor asks courts to consider "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*." 31 F.3d at 983 (citation omitted). In weighing this factor, courts should carefully consider whether "the timing of the federal claim suggests that its main purpose is to delay the state court action or receive a favorable judgment on an issue before the state court has a chance to fully develop the facts." *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018); *see City of Las Cruces*, 289 F.3d at 1189–90 (timing was significant where party filed federal declaratory judgment action shortly after state court rejected its jurisdictional challenges); *Runyon*, 53 F.3d at 1170 (finding no error in the district court's finding of "procedural fencing" where the plaintiff filed the federal action one day before the defendant had promised to file his state action, and both claims involved coverage under the insurance contract).

Beltran has not demonstrated that RNIC filed this lawsuit for an improper purpose. Although RNIC filed this declaratory judgment action over two months after the Cogdill Action commenced, the timing of the Complaint does not "support an inference that [RNIC is] attempting to manipulate the courts." *Essentia Ins. Co. v. Sanchez*, 2014 WL 11512632, at *6 (D.N.M. Sept. 30, 2014); *Atyani*, 338 F. Supp. 3d at 1233 ("[T]he order and timing of filing alone is not enough to show procedural fencing—some allegation of improper use of timing or procedure to manipulate

4

the courts is required"). The Court finds that this factor is neutral on the present record. *See Allstate Fire & Cas. Ins. Co. v. Sharp*, 2019 WL 4575609, at \*5 (D.N.M. Sept. 20, 2019) (concluding "that neither party has successfully shown that the other engaged in procedural fencing" and therefore "[t]he third *Mhoon* factor is neutral").

### iii. The fourth and fifth *Mhoon* factor weigh against exercising jurisdiction.

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The Court finds that the fourth *Mhoon* factor weighs against exercising jurisdiction. It goes without saying that state law governs the interpretation of insurance contracts in diversity cases like this one. *See Houston Gen. Ins. Co. v. Am. Fence* Co., 115 F.3d 805, 806 (10th Cir. 1997). As noted by the Sixth Circuit, a state court's determination of insurance coverage is typically preferable to the federal court's determination, particularly when there are no issues of federal law presented. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007) ("This is not a case where federal law will come into play, and, therefore, a state court forum is preferable"). Just like in *Travelers*, there are no federal issues involved in RNIC's claims for rescission and voidance of the RNIC Policy. Therefore, the state court is a more appropriate forum and has a vested interest in shaping the legal doctrines within New Mexico, an interest with which this Court will not interfere. *See Bristol W. Ins. Co. v. Salas*, 469 F. Supp. 3d 1175, 1179 (D.N.M. 2020) (finding that the New Mexico state court had a vested interest in deciding an insurance-based contractual question rooted in New Mexico law).

As to the fifth *Mhoon* factor, "[t]he discussion that tends to dominate the analysis of [this] factor focuses on whether the parties could adjudicate the issue in the underlying action." *Addison*

*Ins. Co. v. Rippy*, 2009 WL 723322, at *7 (D. Colo. Mar. 18, 2009) (citing *City of Las Cruces,* 289 F.3d at 1188–89, and *Mhoon,* 31 F.3d at 984). The *Mhoon* court based its decision to retain the case in part on the fact that neither party had suggested the insurer "was, or could have been made, a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of [the insurer's] obligations toward Mhoon." 31 F.3d at 984. Here, neither Beltran nor RNIC dispute that RNIC can be made a party to the state tort action—which would also obviate any need for an independent declaratory action and provide a more streamlined resolution of RNIC's obligations toward Defendants. As a result, this Court considers the state court forum to be more efficient, especially when discovery has been underway there since March 27, 2026. The fifth Mhoon factor, therefore, weighs against exercising jurisdiction.

In sum, the Court finds that the first and second factors weigh in favor of exercising jurisdiction, that the third factor is neutral, and that the fourth and fifth factors weigh against exercising jurisdiction. Balancing these factors, the Court in its discretion will decline to exercise jurisdiction to decide RNIC's declaratory judgment action.

### b. The Court Will Stay the Case Rather Than Dismiss It.

The Court must next decide whether to dismiss the case without prejudice or stay it pending resolution of the Cogdill Action. The Court finds that this declaratory judgment action should be stayed rather than dismissed. "The [*Mhoon*] analysis involves some measure of prognostication" as to the scope of the state proceeding. *City of Las Cruces*, 289 F.3d at 1192. Given the uncertainty inherent in such predictions, "[a] stay will often be preferable" to dismissal. *Id.*; *see Essentia Ins. Co.*, 2014 WL 11512632, at *8 (declining to exercise jurisdiction under the *Mhoon* factors and staying, rather than dismissing, the declaratory judgment action). A stay will "allow the [C]ourt to

quickly reconsider [its ruling] should [its] predictions regarding the scope of the state proceedings turn out to be erroneous . . . or [if] there exists a significant possibility of delay or other procedural inadequacy in the state proceedings." *City of Las Cruces*, 289 F.3d at 1192; *Essentia Ins. Co.*, 2014 WL 11512632, at *8.

### IV.    CONCLUSION

For the foregoing reasons, the Court concludes that, weighing the *Mhoon* factors, it will stay RNIC's declaratory judgment action at this time.

**IT IS THEREFORE ORDERED** that Beltran's Motions to Dismiss or Stay Declaratory Judgment Action (Docs. 6 and 7) are **GRANTED IN PART** and **DENIED IN PART**. Beltran's Motions to Dismiss or Stay Declaratory Judgment Action are **DENIED** to the extent they seek dismissal of the Complaint and **GRANTED** in all other respects. This matter is **STAYED** pending resolution of the Cogdill Action, or until further order of this Court. Accordingly, the Court abstains from ruling on Beltran's Motion to Set Aside Any Entry of Default (Doc. 5) and RNIC's Motion to Dismiss San Pablo's Counterclaim (Doc. 26).

**IT IS FURTHER ORDERED** that RNIC shall file a notice within fourteen (14) days of the resolution of the Cogdill Action. The parties shall also file a status report on the state proceeding every six months. The first status report is due Thursday, December 10, 2026.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE